# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Maisoon Mohammed**, *et. al.*,<br>Petitioners,<br><br>v.<br><br>**FRANCIS J. HARVEY**, *et. al.*,<br>Respondents. | )<br>)<br>)  CIVIL ACTION NO. 06-1455 (RCL)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUPPLEMENTAL DECLARATION OF SEAN RIORDAN

I, Sean Riordan, declare under penalty of perjury that the following statements are true and correct, to the best of my knowledge, information, and belief:

1. I am a third year student at UCLA School of Law. I am presently working for the semester as a full-time legal intern at the Brennan Center for Justice at NYU School of Law. I have conversational ability in Arabic.

2. On October 12, 2006, I spoke by telephone with Badie Arrief Izzat. Mr. Izzat is Petitioner Mohammed Munaf's lawyer in Iraq. Mr. Izzat was reached at 011 964 (790) 130 6472.

3. Petitioner Maisoon Mohammed, Mr. Munaf's sister who lives in Detroit, Michigan, participated in the October 12, 2006 telephone call with Mr. Izzat and helped translate between English and Arabic in order to ensure accuracy.

4. During the telephone call, Mr. Izzat conveyed to me all of the information contained in paragraphs 5-15 of this declaration. Mr. Izzat said he is willing to execute a declaration in his own name, but authorized me to provide this declaration on his behalf because of the imminent, irreparable harm to Mr. Munaf and logistical problems of sending a fax from Baghdad. He affirmed that all of the information

contained in paragraphs 5-15 of this declaration is true and correct and based upon his first-hand knowledge.

5. On the morning of October 12, 2006, Mr. Munaf and several other co-defendants were convicted and sentenced to death by Judge 'Abd al-Amir Abdullah Al-Rubaay of the Central Criminal Court of Iraq.

6. No witnesses for the defendants were present at the October 12, 2006 proceeding ("the proceeding") because Judge Al-Rubaay and the defendants' lawyers had previously agreed that the charges would be dropped. The Romanian embassy had not come forward to press charges, and there were no grounds for prosecution. As a result, the defendants' lawyers arrived at the proceeding believing the case would be dismissed. Indeed, Mr. Badie had previously been told by the judge, off-the-record, that Mr. Munaf would be acquitted.

7. Two United States military officials attended the proceeding. One was an American soldier who stated to the court that he was appearing on behalf of the Romanian embassy to seek the death penalty for Mr. Munaf and the other defendants. He did not offer any written proof that he had been delegated to represent the Romanian embassy. The other official was an American general who told the judge in open court that the defendants should all be convicted and sentenced to death.

8. Judge Al-Rubaay disagreed with the general.

9. During the proceeding, Mr. Munaf told the judge that he had previously made incriminating statements because American and Romanian officials had told him that if he did not confess they would beat him and would sexually assault members of his family in Romania and Iraq. Mr. Munaf stated that he was completely innocent.

- 3 -

10. Most of the defendants showed to Judge Al-Rubaay the physical marks on their bodies from beatings they received while in U.S. custody.

11. The American general insisted that the defendants were guilty and that they should be executed.

12. Judge Al-Rubayy then excluded from the court everyone except the military officials and his judicial assistants. He met with the two American military officials and his judicial assistants for 15 minutes. Neither the defendants nor their counsel were present during that meeting.

13. When the defendants and their counsel were again admitted to the court, Judge Al-Rubaay convicted and sentenced Mr. Munaf and four other defendants to death. Judge Al-Rubayy did not provide any oral or written justification for the convictions or sentences.

14. The entire proceeding lasted only an hour-and-a-half. No evidence or witnesses were presented to the court.

15. In 36 years practicing law in Iraq, Mr. Izzat had never before seen or heard of a death sentence being handed down without deliberation or consideration of the merits.

Date: October 12, 2006    _____
                          Sean Riordan