IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MAISOON MOHAMMED, *et. al.*, <br> Petitioners, <br><br> v. <br><br> FRANCIS J. HARVEY, *et. al.*, <br> Respondents. | C/A NO. 1:06-CV-01455 (RCL) |

**REPLY TO RESPONDENTS' RESPONSE TO PETITIONERS' EMERGENCY SUPPLMENT TO PETITIONERS'
MOTION FOR A TEMPORARY RESTRAINING ORDER**

Respondents' Response to Petitioners' Emergency Supplement to Petitioner Mohammed Munaf's Motion for a Temporary Restraining Order (Oct. 16, 2006) ("Response") underscores the urgency of the narrow relief requested by Petitioners. The Response is consistent with a number of Petitioners' assertions regarding the trial of Petitioner Mohammad Munaf ("Mr. Munaf"). The Response, however, also raises factual disputes concerning glaring procedural inadequacies and American manipulation of that trial which make the issuance of a temporary restraining order ("TRO") all the more imperative. *See, e.g., In re Oliver*, 333 U.S. 257, 259-62 (1948) (summary justice and secret trials abhorrent to Constitution). At a minimum, this Court should hear from Mr. Munaf, who has thus far been denied access to his U.S. counsel and to this Court, and from an officer of the Iraqi court that convicted him. In these circumstances, a *status quo* preserving order is essential to enable this Court to perform its constitutionally-mandated role of reviewing an American citizen's illegal detention and transfer to certain death.[1]

---

[1] After Mr. Munaf's conviction on October 12, 2006, his American jailors transferred him to extraordinarily harsh and cruel conditions of confinement. Specifically, they have confined him in isolation in a windowless cell approximately two meters by two meters in dimension for 23 hours each day; taken away his clothes and possessions; and barred all further communication with his family in Iraq. Each day, Mr. Munaf is placed in a cage

As the Supreme Court made clear in *Hamdi v. Rumsfeld*, 542 U.S. 507 (2004), a meaningful opportunity to be heard is an "essential principle of due process." *Id.* at 533 (plurality op.) (citation and internal quotation marks omitted). Eight of the nine Supreme Court Justices in *Hamdi* affirmed in unambiguous terms that the Judiciary *necessarily* plays a meaningful role in safeguarding the fundamental liberties of American citizens against the lawless exercise of executive power. *Id.* at 539; *id.* at 553-54 (Souter, J., concurring); *id.* at 554 (Scalia, J., dissenting). If a federal court plays that role whenever an American citizen is detained by the United States, then, *a fortiori*, it must play that role when a citizen is not merely detained but also tortured and threatened with an illegal transfer for execution based on a trial that mocks due process.

Respondents (Response at 5) protest that preserving this Court's jurisdiction would interfere with Iraq's criminal justice system. But it would do no such thing. Petitioners merely seek an order maintaining the *status quo* so that this Court can properly hear and adjudicate an American citizen's habeas corpus challenge to his unlawful detention and transfer to certain death, thus preventing irreparable harm and ensuring that the actions of the United States comply with this country's laws and Constitution.

For the foregoing reasons, this Court should enjoin Mr. Munaf's transfer to Iraqi custody pending resolution of his habeas petition or, at a minimum, until five days after the mandate issues in *Omar v. Harvey*, which is presently pending before the Court of Appeals for the District of Columbia Circuit.

---

with other prisoners who are standing trial for murder and who threaten to kill him. In addition, the United States has subjected Mr. Munaf to humiliating body cavity searches. These conditions have endangered Mr. Munaf's physical and mental safety. *See* Second Supplemental Declaration of Sean Riordan, attached hereto as Exhibit A.

Dated: October 17, 2006                    Respectfully submitted,

      /s/ Jonathan Hafetz
Jonathan Hafetz (admitted *pro hac vice*)
Aziz Z. Huq
BRENNAN CENTER FOR JUSTICE AT
NEW YORK UNIVERSITY LAW SCHOOL
161 Avenue of the Americas
12th Floor
New York, NY 10013
Telephone:   (212) 998-6730
Facsimile:    (212) 995-4550

Joseph Margulies
MACARTHUR JUSTICE CENTER,
NORTHWESTERN UNIVERSITY
SCHOOL OF LAW
357 East Chicago Avenue
Chicago, IL 60201
Telephone:   (312) 503-0890

Susan L. Burke (D.C. Bar # 414939)
BURKE PYLE LLC
4112 Station Street
Philadelphia, PA 19127
Telephone:   (215) 487-6596
Facsimile:    (215) 482-0874

*Counsel for Petitioners*