IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAISOON MOHAMMED )<br>17961 Hanna Street )<br>Melvindale, MI 48122 )<br>as Next Friend of )<br> )<br>MOHAMMAD MUNAF, )<br>Camp Cropper, Iraq, )<br> )<br>        Petitioners, )<br> )<br>v. )<br> )<br>PETE GEREN, )<br>Secretary of the United States Army )<br>101 Army Pentagon )<br>Room 3E-506 )<br>Washington, DC 20301-0101, )<br> )<br>REAR ADMIRAL GARLAND P. WRIGHT, )<br>Commander, )<br>Task Force 134, Multi-National Force-Iraq, )<br> )<br>LT. COLONEL DAVID CHRISMER )<br>Camp Cropper, Iraq )<br> )<br>        Respondents. ) | CIVIL ACTION NO. <u>06-1455 (RCL)</u><br><br>MEMORANDUM IN SUPPORT OF<br>MOTION FOR LEAVE TO FILE<br>AMENDED HABEAS PETITION |

**Introduction**

     Petitioner Mohammad Munaf respectfully moves the Court to issue an Order directing the Clerk to file his amended petition for writ of habeas corpus, which includes, *inter alia*, claims under the Foreign Affairs Reform and Restructuring Act of 1998, Pub. L. No. 105-277, div. G., 112 Stat. 2681-761.  Mr. Munaf's amended petition is attached as Exhibit 1.  Mr. Munaf submits this motion because he was notified by the Court's clerk that an amended petition could not be

filed without leave of the Court.  However, under 28 U.S.C. § 2242 and Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its petition once as a matter of course before being served with a responsive pleading.  Because Mr. Munaf's habeas petition has not previously been amended and Respondents have not filed a responsive pleading, leave to amend should not be required.  Nevertheless, because of the clerk's instruction and out of an abundance of caution, Mr. Munaf requests the Court's permission to file his amended petition.

## Procedural History

On August 18, 2006, Mr. Munaf filed a petition for writ of habeas corpus.  (Dkt. 1.)  Fearing he would be tortured if released to the Iraqi government, Mr. Munaf subsequently filed a motion for a temporary restraining order preventing his transfer to Iraqi authorities, (Dkt. 6); Mr. Munaf later submitted an emergency supplement to this motion when he learned that upon transfer to Iraqi custody he would be executed (Dkt. 12).  Respondents filed memoranda in opposition to these motions, arguing that the Court lacked jurisdiction to adjudicate the petition.  (Dkt. 9, 13.)  The Court dismissed the petition for lack of subject matter jurisdiction and denied the motion for a temporary restraining order on October 19, 2006.  (Dkt. 16.)  The Court's decision was affirmed by the Court of Appeals for the District Columbia on April 6, 2007.  *Munaf v. Geren*, 482 F.3d 582, 585 (D.C. Cir. 2007), *vacated and remanded*, 128 S. Ct. 2207 (2008).  On June 12, 2008, the Supreme Court vacated this Court's earlier judgment and remanded the case for further proceedings.  *Munaf v. Geren*, 128 S. Ct. 2207, 2228 (2008) (Ex. 2).  The Supreme Court noted that Mr. Munaf's FARR Act claims regarding the risk of torture had not been fully briefed.  *Id.* at 2226.

**Argument**

A motion for leave to amend a habeas petition is unnecessary if a responsive pleading has not been filed. Under 28 U.S.C. § 2242, amendments to habeas petitions are governed by the Federal Rules of Civil Procedure. 28 U.S.C. § 2242 (2008). Federal Rule 15(a) states that a party may amend its pleading once as a matter of course before being served with a responsive pleading. Fed. R. Civ. P. 15(a).

Pleadings are limited to the documents specified in Rule 7(a) of the Federal Rules of Civil Procedure: complaints, answers, and replies. *See Yuhasz v. Brush Wellman*, *Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (stating that Rule 7(a) provides an exhaustive list of pleadings). Motions and memoranda are not pleadings. *E.g.*, *James V. Hurson Associates, Inc. v. Glickman,* 229 F.3d 277, 283 (D.C. Cir. 2000) ("We have repeatedly clarified that a motion to dismiss is not a responsive pleading for the purposes of Rule 15"); *Willis v. Collins*, 989 F.2d 187, 189 (5th Cir. 1993) (motion to dismiss 28 U.S.C. § 2254 habeas petition not a "responsive pleading" for purposes of amending habeas petition); *Nwachukwu v. Rooney*, 362 F.Supp.2d 183, 190 (D.D.C. 2005) (memorandum not a pleading); *Bush v. Barnet Bank*, 916 F.Supp.1244, 1249 (M.D.Fla. 1996) (same).

Here, the original habeas petition has yet to be amended and Respondents have not filed a responsive pleading—Respondents have only filed memoranda. Moreover, these memoranda were filed in opposition to motions for a temporary restraining order, not in response to the underlying petition. Therefore, even if the memoranda classified as pleadings under Rule 7(a), they could not be considered *responsive* pleadings. Mr. Munaf should therefore be able to amend without leave.

If the Court should find that leave to amend is required, Rule 15(a) states that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). *See Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1083-84 (D.C. Cir. 1998) (Rule 15(a) provides that leave to amend should be freely given when justice requires).

## Conclusion

Because his habeas petition has not been amended and no responsive pleading has been filed, under Rule 15(a) Mr. Munaf is free to amend his habeas petition without leave. Even if leave is required, it should be freely granted under Rule 15(a). As such, Mr. Munaf respectfully requests permission to file his amended habeas petition.

Dated: August 5, 2008

Respectfully submitted,

    /s/ Jonathan Hafetz
Jonathan Hafetz (admitted *pro hac vice*)
Aziz Z. Huq
BRENNAN CENTER FOR JUSTICE AT NEW YORK UNIVERSITY LAW SCHOOL
161 Avenue of the Americas
12th Floor
New York, NY  10013
Telephone:    (212) 998-6730
Facsimile:    (212) 995-4550

Joseph Margulies
MACARTHUR JUSTICE CENTER, NORTHWESTERN UNIVERSITY SCHOOL OF LAW
357 East Chicago Avenue
Chicago, IL  60201
Telephone: (312) 503-0890

Susan L. Burke (D.C. Bar # 414939)
BURKE PYLE LLC
4112 Station Street
Philadelphia, PA 19127

Telephone: (215) 487-6596
Facsimile: (215) 482-0874